IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
STATE OF ILLINOIS

| | | |
|---|---|---|
| BRET K. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. __15-743_____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## C O M P L A I N T

NOW COMES plaintiff Bret K. Watkins, by his undersigned counsel, and for his cause of action against defendant, Wal-Mart Stores, Inc. states:

1.      Plaintiff, Bret Watkins, is a citizen of the State of Illinois.  Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Diversity jurisdiction therefore exists within the meaning of 28 U.S.C. § 1332.

2.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based took place in Highland, Illinois within this District.

3.      At all times mentioned herein, defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), owned and operated a retail store, hereinafter "the store," #435, at 12495 IL - 143, Highland, Illinois.

4.      At all times mentioned herein, defendant Wal-Mart positioned numerous cameras throughout the store to monitor customer, vendor and employee activity.

5.      On or about November 23, 2014, it was raining when plaintiff, Brett Watkins, entered the store.  When he entered into the foyer area just inside, he slipped and fell on the wet floor.

6.      At that time and place, defendant Wal-Mart, acting through its agents, servants and employees was negligent in one or more of the following respects:

      a.      failed to warn the plaintiff of the liquid on the floor when defendant, Wal-Mart knew or in the exercise of ordinary care, should have known of the presence of the liquid;

      b.      failed to clean up the liquid when defendant Wal-Mart knew or in the exercise of ordinary care should have known of the presence of the liquid;

      c.      failed to barricade the portion of the floor on which the liquid was located or otherwise prevent customers such as the plaintiff from encountering the liquid on the floor;

      d.      failed to observe the liquid on the floor in time to take appropriate precautions when defendant, under all of the circumstances, should have seen the liquid in time to take appropriate precautions;

      e.      failed to provide mats or other protective equipment to prevent customers from slipping on the floors when they became wet because of rain or other substances; and

      f.      failed to use non-skid or skid resistant floor covering in areas that defendant knew, or should have known customers would walk at times when water and other substances may be found on the floor.

7.      As a direct and proximate result of one or more of the defendant's aforesaid negligent acts or omissions, plaintiff:

a.      sustained serious personal injuries, including neck, both shoulders
and low back that required physical therapy, diagnostic/therapeutic
injection, right sacroiliac joint injection under fluoroscopic guidance right
Iliopsoas compartment clock 2 and 3 injection along with an ablation
procedure at L4-L5 and S1 joint.

b.      incurred in excess of $20,000.00  in medical bills to date and will
continue to incur medical, surgical, nursing, therapy, diagnostic and
mileage expenses for treatment of the aforesaid injuries;

c.      sustained disability in the past, which is reasonably likely to
continue into the future;

d.      sustained disfigurement in the past, which is reasonably likely to
continue into the future;

e.      incurred pain and suffering and loss of enjoyment of life in the past,
which is reasonably likely to continue into the future.

WHEREFORE, plaintiff, Bret Watkins, respectfully prays for judgment against

defendant, Wal-Mart Stores, Inc., for an amount of compensatory damages in excess of

$75,000.00, exclusive of interest and costs, for his costs, for interest on any judgment, and for

any other relief allowed by law.

Respectfully submitted,

ARMBRUSTER, DRIPPS,
WINTERSCHEIDT & BLOTEVOGEL, LLC


By:  /s/ Charles W. Armbruster
Charles W. Armbruster
Michael T. Blotevogel
219 Piasa Street
Alton, Illinois  62002
618/208-0320
F:  800/927-1529
charlesa@adwblaw.com
mikeb@adwblaw.com
***ATTORNEYS FOR PLAINTIFF***